**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ENJOY THE CITY NORTH, INC. and**
**ENJOY THE CITY, INC.,**

      **Plaintiffs,**

     vs.                                      **3:08-CV-718**

**JEFF STRANGER and JEFF STRANGER**
**d/b/a J.L.S. ENTERPRISES, and Z BEST**
**DINING & ENTERTAINMENT,**

      **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


## DECISION & ORDER

      Plaintiff's commenced this action on July 3, 2008 asserting claims of trademark infringement under 15 U.S.C. § 1114(1), false designation of origin under 15 U.S.C. § 1125(a), trademark dilution under 15 U.S.C. § 1125(c), trademark dilution under New York Gen. Bus. Law § 360-l, trademark infringement under New York Gen. Bus. Law § 360-k, trademark infringement and unfair competition under state common law, deceptive acts and practices under New York Gen. Bus. Law §§ 349-350, common law "palming off," breach of a distributorship contract, breach of a non-compete contract, and common law misappropriation of proprietary information. See Compl. [dkt. # 1]. Plaintiffs also filed a contemporaneous *ex parte* application for an Order to Show Cause ("OSC") requesting: (a) that Defendants be ordered to show cause why a preliminary injunction should not

issue restraining them from 1) infringing Plaintiffs' trademarks, 2) unlawfully competing with Plaintiffs, 3) making false statements regarding Plaintiffs' and Defendants' affiliation, 4) competing with Plaintiffs in violation of the non-compete agreement, and 5) requiring Defendants to return all proprietary information of Plaintiffs and destroy all infringing documents; and (b) a Temporary Restraining Order ("TRO") restraining Defendants from 1) using any documents of any form containing the words "Enjoy the City" or the Enjoy the City logos, 2) representing that Defendants are affiliated with or sponsored by Enjoy the City in any way, shape, or form, and/or 3) creating, maintaining, or assisting with the creation of any competing business within 100 miles of any area where Enjoy the City operates.  Dkt. # 5.

The Court denied the requested TRO, but granted the OSC requiring Defendants to show cause on July 24, 2008 why an order should not be entered pursuant to FRCP 65 enjoining Defendants from 1) infringing Plaintiffs' trademarks; 2) unlawfully competing with Plaintiffs; 3) making false statements regarding Plaintiffs' and Defendants' affiliation; 4) competing with Plaintiffs in violation of the non-compete agreement; and 5) requiring Defendants to return all proprietary information of Plaintiffs and destroy all infringing documents.  See 7/7/08 Order, dkt. # 6.

Plaintiffs had some difficulty serving the Order To Show Cause upon Defendants in compliance with the July 7, 2008 Order, but did obtain substitute service upon Defendants. See dkt. # 7, dkt. # 9.   On July 22, 2008, the Court received a letter from David L. Emerzian, Esq., a California attorney, indicating: (1) that he represents the Defendants; (2) that he received the show cause papers (albeit after the time set by the Court in the show cause order); (3) that Defendants were attempting to obtain local counsel, and (4) that he

2

was requesting an adjournment on the pending show cause motion. See Emerzian Letter, dkt. # 10. Despite that neither the Defendants nor an attorney on their behalf has made an official appearance in this matter,[1] the Court conducted a telephone conference with Mr. Emerzian and Plaintiffs's counsel on July 23, 2008. See Minute Entry, dkt. # 11. During that telephone conference, the attorneys advised that a stipulation would be forthcoming which would foreclose the need for a preliminary injunction hearing. It was the Court's understanding that the parties had reached an agreement that the Defendants would not hold themselves out as representative of Plaintiffs, and that they would not engage in activities that reasonably could be construed as a form of trademark infringement. Based upon the attorneys' representations during the telephone conference, the Court marked off the scheduled show cause hearing.

On July 28, 2008, Plaintiffs filed an application asking that the OSC be restored to the calender, and provided information that Defendants were continuing to hold themselves out as affiliated with Plaintiffs and were engaging in competition in certain markets in violation of a restrictive covenant signed by Defendants Stranger and J.L.S. Enterprises.[2] On July 29th, the Court contacted Attorney Emerzian's office by telephone and left a message asking Emerzian to contact Chambers. A return telephone call was not received. On August 5, 2008, chambers staff contacted Attorney Emerzian and left a

---

[1] Attorney Emerzian is not admitted in this District and therefore cannot officially appear on behalf of Defendants.

[2] Defendants J.L.S. Enterprises and Jeff Stranger entered into a exclusive distributorship agreement with Plaintiffs. In exchange for being granted exclusive distributorship rights, Defendants J.L.S. Enterprises and Jeff Stranger agreed to a non-compete provision for one year following termination of the agreement "within the geographic area of 100 miles of any place where [Plaintiffs are] engaged in business at the time of termination." Agreement, ¶ 7. The Agreement also provides the rights and remedies ETC North will have in the event of a breach of the restrictive covenant, including the right to specific enforcement and an acknowledgment that a breach of the non-compete provision would cause Plaintiffs irreparable harm. Id.

message indicating that, absent receipt of a stipulation, the matter would be restored to the calendar.  No contact has been made by Attorney Emerzian, by any attorney on behalf of Defendants, or by the Defendants.

The Court finds that, given the uncontested allegations contained in Plaintiffs' show cause papers and in the July 28, 2008 application to restore the matter to the calendar, a TRO is justified.  See Brennan's, Inc. v. Brennan's Rest., L.L.C., 360 F.3d 125, 129 (2d Cir. 2004)("In a trademark infringement case, proof of a likelihood of confusion establishes both a likelihood of success on the merits and irreparable harm."(citing Hasbro, Inc. v. Lanard Toys, Ltd., 858 F.2d 70, 73 (2d Cir. 1988));  Lumex v. Highsmith, 919 F. Supp. 624, 631 (E.D.N.Y. 1996)(a preliminary injunction is appropriate where it appears to the court that the trade secrets will inevitably be used to compete against the Plaintiffs); Louis Vuitton Malletier v. Burlington Coat Factory Warehouse Corp., 426 F.3d 532, 539 (2d Cir. 2005)( "Under New York General Business Law § 360-l (McKinney Cum. Supp. 2004), a plaintiff may receive an injunction against dilutive harms, including trademark 'blurring,' upon demonstrating a likelihood of dilution.")(citing Hormel Foods Corp. v. Jim Henson Prods., 73 F.3d 497, 506 (2d Cir. 1996)); Sports Auth. v. Prime Hospitality Corp., 89 F.3d 955, 966 (2d Cir. 1996)("Blurring occurs 'where the defendant uses . . . the plaintiff's trademark to identify the defendant's goods and services, raising the possibility that the mark will lose its ability to serve as a unique identifier of the plaintiff's [services].'")(quoting Deere & Co. v. MTD Prods., 41 F.3d 39, 43 (2d Cir. 1994)); Ticor Title Ins. Co. v. Cohen, 173 F.3d 63, 69-70 (2d Cir. 1999) (consent in agreement to injunctive relief arguably constitutes admission of irreparable harm); RESCUECOM Corp. v. Mathews, 2006 U.S. Dist. LEXIS 41042, 8 - 9 (N.D.N.Y June 20, 2006)("'Generally, when a party violates a

4

non-compete clause, the resulting loss of client relationships and customer good will built up over the years constitutes irreparable harm.'") (citing Johnson Controls, Inc. v. A.P.T. Critical Sys., Inc., 323 F. Supp. 2d 525, 532 (S.D.N.Y. 2004)).

Therefore, it is hereby

**ORDERED** that, until August 21, 2008, Defendants are restrained from: 1) using any documents of any form containing the words "Enjoy the City" or the Enjoy the City logos, 2) representing that Defendants are affiliated with or sponsored by Enjoy the City in any way, shape, or form, and 3) creating, maintaining, or assisting with the creation of any competing business within 100 miles of any area where Enjoy the City operates, and it is further

**ORDERED** that, in accordance with Fed. R. Civ. P. 65(c), Plaintiffs shall post a bond in the amount of $400,000 as security, and it is further

**ORDERED** that the return date for Plaintiffs' application for a preliminary injunction is set for August 21, 2008. Any papers in opposition thereto must be filed by August 18, 2008 at 9:00 A.M. e.s.t. After receipt of Defendants' opposition, if any, the Court will determine whether a factual hearing is necessary.

**IT IS SO ORDERED**

DATED: August 7, 2008

Thomas J. McAvoy
Senior, U.S. District Judge

5